IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HYPERTHERM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24 CV 11340 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE INDIVIDUALS, PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED IN SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hypertherm, Inc. ("Plaintiff") in this "Schedule A" case moves for default judgment against 11 defaulting defendants ("Defendants") pursuant to Federal Rule of Civil Procedure 55. For the following reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [79].

**I.      Background**

Plaintiff alleges that it is "a worldwide leader in the technological development, manufacturing, and marketing of plasma arc cutting systems and replacement parts." (Dkt. 1 ¶ 52.) Plaintiff sells, amongst other devices, plasma arc cutter devices, such as the Powermax65, in the United States. (*Id.* ¶ 53.) According to Plaintiff, "[t]he Powermax65 plasma arc cutter utilizes several consumable parts during operation and Plaintiff sells genuine replacement products for these consumable parts designed specifically for use with its plasma arc cutter products such as a shield/deflector, retaining cap, nozzle, electrode, and swirl ring[.]" (*Id.* ¶ 54.) One such consumable replacement product sold by Plaintiff is an electrode with part number 220842.

1

Plaintiff alleges that Defendants are foreign companies that important into the United States and sell consumable replacement parts, including torch tips, nozzles, and shield caps designed specifically for Plaintiff's torches, without authorization and in violation of Plaintiff's intellectual property rights, namely U.S. Patent Nos. 8,115,136 ("the '136 Patent"), 8,541,712 ("the '712 Patent"), and 8,546,718 ("the '718 Patent") (collectively, the "Patents"). Plaintiff alleges that Defendants' sales of products that infringe on the Patents directly compete with and have a downward impact on Plaintiff's sales to consumers.

Having secured an entry of default, Plaintiff now moves this Court to enter default judgment against Defendants and asks this Court to find that: (a) Defendants are liable on Counts I, II and III of Plaintiff's complaint, which are causes of action for infringement of U.S. Patent Nos. 8,115,136, 8,541,712, and 8,541,718; (b) Plaintiff is entitled to a permanent injunction prohibiting Defendants from selling products that infringe on the Patents; (c) Plaintiff is entitled to an award of damages in the amount of $46,146.60 based on its lost profits; (d) Defendants' financial accounts should remain frozen until all damages awarded to Plaintiff have been paid; and (e) Plaintiff is entitled to a transfer of funds from all assets in Defendants' financial accounts to satisfy the damages award associated with each Defendant.

## II.     Discussion

The Court focuses its discussion on Plaintiff's request for a continuing asset freeze and asset release. Plaintiff seeks lost profits in the amount of $46,146.60, claiming that it is entitled to damages for the sales of Defendants' infringing products after November 1, 2018. Plaintiff alleges that the total amount of funds frozen in Defendants' accounts from which damages are sought is $1,669.96, falling short of the $46,146.60 in alleged lost profits sought. Thus, Plaintiff requests that:

> [T]he U.S.-based financial accounts for the [] Defendants that owe damages to Hypertherm—including all funds held by Amazon and eBay and any other U.S. based financial institution associated with the [] Defendants—remain frozen until such time

> as each [] Defendant satisfies the judgment against it. In the absence of such relief, the [] Defendants may attempt to transfer assets from accounts with U.S.-based financial institutions to offshore accounts. Finally, Hypertherm also requests that the Court order that all funds up to the amount of the awarded damages currently restrained in [] Defendants' financial accounts be released to Hypertherm as partial payment of the above-identified damages. While the release of these funds will not fully compensate Hypertherm, such a release is necessary and equitable given the extent of infringement by the [] Defendants and their refusal to participate in these proceedings.

(Ex. C, Dkt. 80 at *14–*15.)

Plaintiff's requested relief here is entirely, and unnecessarily, overbroad. First, Plaintiff is seeking to restrain funds from Defendants who did not sell a single infringing product at issue in this case. In support of its request for damages, Plaintiff submits a declaration attesting to the information learned in discovery. Specifically, Plaintiff used information provided by Amazon, eBay, and Walmart to calculate the number of infringing individual electrodes with part number 220842 that were sold by each of the Defendants, and then calculated the total revenue from the sale of those infringing products. Plaintiff submitted with its motion a chart displaying the total revenue each Defendant received from the sale of the infringing products and the amount of restrained funds in each of the Defendant's accounts:

3

| Def. # | Seller Name | Amazon Seller Id | Total Revenue | Restrained Funds |
|---|---|---|---|---|
| 8 | jiaxingshiyibomaoyiyouxiangongsi | A3R1W0UB0Z1E77 | $89.90 | $114.52 |
| 9 | liuyamingshangmaodian | A1BXHHDX1R3IDA | $48.76 | $403.57 |
| 10 | Zhang Don | A1WUX5I7ISPU0V | $155.70 | $84.42 |
| 11 | Wang Si Yu | A3K7MJE70O1C7N | $80.30 | $246.74 |
| 13 | SYSMHK | A2C135QOSR53QE | $101.71 | $272.70 |
| 14 | Xianyongxiaozi | A24R33W9D2EQWK | $0.00 | $0.00 |
| 15 | Shu Ling | A36JHJYDZXHK3T | $0.00 | $46.85 |
| 16 | Cheng ShengLi | A1TS0ZXWMJ8JTY | $0.00 | $125.31 |
| 18 | shangqiushisuiyangquqichangbaihuodian | A2E48S7Z8WO47O | $0.00 | $475.61 |
| 23 | Dan Yin Bao | A4M1AR285TOJY | $0.00 | $106.55 |
| 24 | yaweibaihuodian | A27P9X45UYDEEH | $0.00 | $1,916.05 |

| Def. # | Seller Name | EBay Seller Id | Total Revenue | Restrained Funds |
|---|---|---|---|---|
| 30 | myt7457 | 380977189 | $3,716.78 | $0.00 |
| 31 | jinglaser | 2561295226 | $5,292.86 | $0.00 |
| 40 | yituifly | 2469703628 | $0.00 | $2.05 |
| 46 | aapartstore | 1780672284 | $7,189.08 | $142.17 |
| 48 | suysky | 2654531119 | $0.00 | $791.12 |
| 49 | romantic-07 | 2245627301 | $0.00 | $62.41 |
| 53 | CSDJSM Plasma Weld Shop | 2351651667 | $9,113.99 | $360.21 |
| 63 | midying9 | 2501504492 | $0.00 | $182.13 |
| 64 | ykflymk08 | 2498842545 | $0.00 | $186.12 |
| 65 | snieguole_5 | 2036299050 | $0.00 | $46.63 |
| 66 | good2bliving | 539775834 | $44.74 | $0.00 |
| 68 | just4you9764 | 959757878 | $76.35 | -$1.00 |

| Def. # | Seller Name | Walmart Seller Id | Total Revenue | Restrained Funds |
|---|---|---|---|---|
| 82 | foshanshiweipiqiaoshangmao | 102487486 | $0 | -$1,577.23 |

(Ex. C, Dkt. 80-3 at * 9–*10.)

Plaintiff's chart shows that 13 defendants sold no infringing products and thus received no sales revenue related to the infringing products. Plaintiff offers no justification for continuing to restrain the account funds of Defendants who have made no sales of products that infringe on the Patents. Resultingly, the Court orders the release of restrained funds from the financial accounts of the following Defendants who sold no products that infringe on the Patents:

- Defendant No. 14: Xianyongxiaozi
- Defendant No. 15: Shu Ling
- Defendant No. 16: Cheng ShengLi
- Defendant No. 18: shangqiushisuiyangquq ichangbaihuodian

4

- Defendant No. 23: Dan Yin Bao
- Defendant No. 24: yaweibaihuodian
- Defendant No. 40: yituifly
- Defendant No. 48: suysky
- Defendant No. 49: romantic-07
- Defendant No. 63: midying9
- Defendant No. 64: ykflymk08
- Defendant No. 65: snieguole_5
- Defendant No. 82: foshanshiweipiqiaosh angmao

According to the declaration appended to the instant motion, the total in restrained funds for these Defendants amounts to $3,940.83.

Second, Plaintiff is asking the Court to, among other things, continue to freeze *all* of each Defendant's assets, regardless of whether those assets bear some direct connection to the infringement at issue. The Court will not fashion a remedy that unfairly burdens Defendants, who may very well be selling non-infringing products. To the extent the amount currently frozen in a Defendant's account exceeds the Plaintiff's calculated damages figure as a result of that Defendant's sales of infringing products, (*see, e.g.*, Ex. C, Dkt. 80-3, Def. No. 8 (difference of $24.62)), the Court orders that the difference in funds be unfrozen.

The Court enters default judgment for Plaintiff and finds, in addition to this Court's directions above, that: (a) Defendants are liable on Counts I, II, and III; (b) Plaintiff is entitled to a permanent injunction against future infringement of the Patents; (c) Plaintiff is entitled to $46,146.60 in lost profits; (d) each Defendant's financial account should remain frozen only in the amount of damages calculated for that Defendant, as reflected in Exhibit C; and (e) Plaintiff is entitled to a transfer of funds from each Defendant's account to satisfy the damages award associated with that Defendant only, as reflected in the calculated damages in Exhibit C.

5

**III.     Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion for default judgment [79]. Plaintiff is directed to submit an amended proposed order consistent with this Opinion within 7 days.

**IT IS SO ORDERED.**

                                                                     Sharon Johnson Coleman
                                                                     United States District Judge

DATED: 9/2/2025